**DAN YU LIAN, Qing Deng Zheng, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

Nos. 04–5950–ag (L), 04–6057–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Kelly B. Watzka, Assistant United States Attorney, Milwaukee, WI, for Respondent.

Present WILFRED FEINBERG, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED except to the extent that the determination that the petitioner filed a frivolous application is VACATED.

Dan Yu Lian and Qing–Deng Zheng, through counsel, petition for review of the BIA decision affirming Immigration Judge ("IJ") Helen Sichel's denial of their applications for asylum, withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adju-

dicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations and citations omitted).

Here, substantial evidence supports the IJ's determination that Lian and Zheng did not testify in a consistent manner regarding events surrounding the alleged forced abortion. The IJ also reasonably rejected Zheng unsuccessful attempt to mitigate the discrepancies once he was confronted with his wife's contradictory testimony. The record indicates that Zheng changed his testimony to match his wife's statements, but in the process, contradicted himself.

In addition, substantial evidence supports the IJ's related finding that Lian "understood immediately, that she was now being questioned on events that were not encompassed in the written materials and [at] that point, in her testimony, her answers became extremely vague, nonresponsive and evasive as she struggled to avoid the questions of the Government's attorney and struggled to avoid being pinned down to answers that she clearly understood would be discrepant from what answers her husband would give." The record indicates that although Lian did not have any difficulty responding to questions that concerned the details of her alleged abortion, almost all of her responses to inquiries about the events that immediately followed her return from the hospital were nonresponsive and vague.

Moreover, it was reasonable for the IJ to have given limited weight to the documents that Lian and Chen provided from China, including an abortion certificate. We have held that although the "observations of State Department country profiles do not automatically discredit contrary evidence presented by the applicant, and ... are not binding on the immigration court[,] ... they are probative nonetheless." *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (internal quotations and citations omitted). Here, in addition to finding that the petitioners' documents were not authenticated under the regulations, the IJ also reasonably found that they were unreliable because the State Department Report indicated that documents from the Fuzhou area were frequently fabricated. Importantly, the IJ did not exclude the petitioners' documents, but only afforded them "diminished weight."

We find that the IJ did make several errors with respect to analyzing the petitioner's credibility. Despite those errors, however, substantial evidence still supports the IJ's adverse credibility determination, which was based, in part, on the contradictions between Lian's testimony and Zheng's testimony on issues central to their asylum claim. This Court may, therefore, confidently predict that the IJ would have reached the same conclusions absent the errors. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–162 (2d Cir.2006). Accordingly, the IJ's denial of petitioners' applications for asylum, withholding of removal and CAT relief are supported by substantial evidence. We, therefore, find it unnecessary to reach the IJ's discretionary denial of relief.

An IJ has the authority to determine that an asylum application is frivolous, which would permanently bar the applicant

from receiving any immigration benefits in the United States. 8 U.S.C. § 1158(d)(6). Pursuant to 8 C.F.R. § 1208.20, "an asylum application is frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." Here, the IJ's frivolous determination consists of (1) the finding that the petitioners had notice of the consequences of filing a frivolous claim, and (2) the conclusion that "respondents' testimony with regard to the alleged coerced abortion is a complete and total fabrication." Presumably, the IJ concluded that the testimony was fabricated based on the same factors she considered when making the adverse credibility determination, some of which were in error. Although we need not determine the precise quantum of evidence necessary to support an IJ's frivolousness finding, we vacate the IJ's finding here because it relied materially on flawed reasoning.

Accordingly, the petition for review is DENIED, except to the extent that the determination that the petitioner's application was frivolous is VACATED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).